# UNITED STATES OF AMERICA
## `MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MALANESE STERKINS-MORGAN,<br>    Appellant, | DOCKET NUMBER<br>AT-844E-17-0623-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>        Agency. | DATE: June 27, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joel Willis, Esquire, Atlanta, Georgia, for the appellant.

Jo Bell, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management (OPM) reconsideration decision that denied her application for a disability retirement annuity under the Federal Employees' Retirement System (FERS).   Generally, we grant petitions such as

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.[2] 5 C.F.R. § 1201.113(b).

¶2      For the first time on review, the appellant submits the following evidence and argument. She asserts that her representative on appeal did not submit "documents/evidence" on her behalf but she does not explain why specific documents and evidence should change the result in her case.[3] Petition for Review File, Tab 1 at 3. She asserts that the administrative judge should have

---

[2] OPM has filed a motion to dismiss the petition for review, arguing that it fails to comply with 5 C.F.R. § 1201.114(b). Petition for Review (PFR) File, Tab 3 at 4-5. Specifically, OPM argues that the petition for review does not state the appellant's objections to the initial decision, and instead cites to an unrelated U.S. Court of Appeals for the Federal Circuit case, *Service Women's Action Network v. Secretary of Veterans Affairs*, 815 F.3d 1369 (Fed. Cir. 2016), discussed below. OPM argues that it is not a party to the Federal Circuit case. The appellant has responded in opposition to the agency's motion. PFR File, Tab 1 at 4. We deny the agency's motion to dismiss the petition. The Board does not require pro se petitioners to frame issues with precision. *See Beverly v. U.S. Postal Service*, 113 M.S.P.R. 51, ¶ 7 (2010). Although the appellant was represented below, she filed the petition for review on her own behalf.

[3] The Board has long held that an appellant will be held responsible for the failings of her chosen representative. PFR File, Tab 1 at 3; *see Hoback v. Department of the Treasury*, 86 M.S.P.R. 425, ¶ 14 (2000).

applied *Service Women's Action Network v. Secretary of Veterans Affairs*, 815 F.3d 1369 (Fed. Cir. 2016), and she submits a pleading from that case but does not explain how applying it would change the outcome of her Board appeal.[4] *Id.* at 4-5, 7-16. She contends that the administrative judge should have considered the following information: (1) her employing agency did not submit the Department of Labor Office of Workers' Compensation Programs Form CA-2 that she filled out with her supervisor; (2) she requested disability retirement from her employing agency in June 2015, and she retired in August 2015; and (3) OPM acknowledged receipt of her application for disability retirement 7 months after she applied. *Id.* at 4. The appellant also makes the conclusory assertion that the initial decision was wrong and she is entitled to disability retirement based on "FR 4.3 Resolution of Reasonable Doubt," "FR 4.23 Attitude of rating officers," "Electronic Code of Federal Regulations," and "CHRONIC ADJUSTMENT DISORDER-9440." *Id.* at 5. Further, the appellant appears to allege bias by the administrative judge. *Id.* After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under 5 C.F.R. § 1201.115 for granting the petition for review.

---

[4] The appellant provides no citation for the case but she may be referring to the decision issued by the court in *Service Women's Action Network*, 815 F.3d 1369. In that case, the Federal Circuit declined to order the Department of Veterans Affairs to promulgate a new regulation regarding the adjudication of certain military sexual trauma (MST)-based disability claims. *Id.* Although one of the appellant's claimed medical conditions is MST, the Federal Circuit decision in that case did not change the applicable evidentiary standard to qualify for disability retirement benefits under FERS or the appellant's burden of proof in this appeal. Initial Appeal File, Tab 14, Initial Decision at 2-3. Therefore, even if we were to consider this newly submitted document on review, we discern no basis to disturb the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (finding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                           /s/ for
                                         _____
                                         Jennifer Everling
                                         Acting Clerk of the Board
Washington, D.C.